# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM DOUGLAS MELLO, | 1:09-cv-01962-LJO-GBC (PC) |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| v. | (Doc. 19) |
| J. NEPOMUCENO, et al., | SECOND AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |
| Defendants. | |
| / | |

## I.      Factual and Procedural Background

William Douglas Mello ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff asserts that he is "sovereign" and that he brings this action as "Kincaid®, d/b/a: William Douglass Mello®."  Doc. 19 at 1, 21.  On November 9, 2009, Plaintiff filed his original complaint.  Doc. 1.  On March 29, 2011, Plaintiff filed the first amended complaint which is currently before the Court.  Doc. 19.

## II.     Screening

### A.      Screening Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1

1  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

2  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

3  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

4  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

5  "'Under § 1915A, when determining whether a complaint states a claim, a court must accept

6  as true all allegations of material fact and must construe those facts in the light most favorable to the

7  plaintiff.'"  *Hamilton v. Brown*, 630 F.3d 889. 892-93 (9th Cir. 2011) (quoting *Resnick v. Warden*

8  *Hayes*, 213 F.3d 443, 447 (9th Cir.2000).  "'Additionally, in general, courts must construe pro se

9  pleadings liberally.'"  *Id.*  A complaint, or portion thereof, should only be dismissed for failure to

10  state a claim upon which relief may be granted "if it is clear that no relief could be granted under any

11  set of facts that could be proved consistent with the allegations."  *See Hishon v. King & Spalding*,

12  467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Synagogue*

13  *v. United States*, 482 F.3d 1058, 1060 (9th Cir. 2007); *NL Industries, Inc. v. Kaplan*, 792 F.2d 896,

14  898 (9th Cir. 1986).  In determining whether to dismiss an action, the Court must accept as true the

15  allegations of the complaint in question, and construe the pleading in the light most favorable to the

16  plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421-22

17  (1969); *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

18  **B.  Plaintiff's Complaint**

19  Plaintiff is incarcerated at Pleasant Valley State Prison in Coalinga California, and is suing

20  under section 1983 against defendants who are employed at High Desert State Prison ("HDSP") in

21  Susanville California and Pleasant Valley State Prison ("PVSP") in Coalinga California.  Doc. 19.

22  In his complaint, Plaintiff names the following defendants: 1) J. Nepomuceno (Chief Surgeon at

23  HDSP);  2) Dorothy Swingle (CMO at HDSP); 3) E. Searcy (Certified Physician's Assistant); 4) D.

24  Medina (Certified Physician's Assistant); 5) Barry I. Green (Certified Physician's Assistant); 6) E.

25  Brown (Certified Physician's Assistant); 7) F. Igbinosa (CMO at Pleasant Valley State Prison); 8)

26  A. Nesbit (Medical Appeals Coordinator at PVSP); 9) F. Martinez (Medical Appeals Coordinator);

27  10) J. Buckley (Associate Warden); 11) J. Walker (Chief of Third Level Appeals); and 12) R. Wilson

28  (Certified Physician's Assistant at PVSP).  Doc. 1 at 2-3.  As relief Plaintiff seeks for the Court to

enter a judgment which would "[secure and perfect] claim as evidence by [section 1 of the Uniform Commercial Code] financing statement attached" and a court order of "a 'consent judgment' and follow-up enforcement and collection of lien" in addition compensatory damages. Doc. 19 at 3, 16-17.

Plaintiff's complaint is rambling, incoherent and filled with language regarding his status as a secured party creditor. Doc. 19. Plaintiff makes conclusory allegations that his due process and equal protection rights have been violated and that he has been a victim of fraud and dishonor. Doc. 19 at 5. For example, Plaintiff states:

> Pursuant to the (CAFY) conditional acceptance for value, in that it specifically addressed and required all of the defendants to produce, provide and bring forward the particular "proof(s)" (evidence) pertaining to each individual issue/claim and or cause of action in relationship to the petitioner/secured party-creditor, having to the U.S. Constitution, the Constitution of the state of California, as to personum and subject matter jurisdiction and other evidence suggesting there was/is any obligatory relationship by the petitioner and of other necessary "proof(s)" of claim as the original presentment(s)/cause(s) of action for the defendants to prove that there was no violation(s) of due process of law, no misapplication of statute, nor fraud and/or fraud by scienter, medical malpractice, no "intentional deliberate medical indifference," no pain and suffering, no cruel and unusual punishment, no defamation of character, slander/libel, falsification of medical documents . . .

Doc. 19 at 5-6.

### C.    Analysis

From the list of defendants coupled with Plaintiff's allegations containing language regarding medical treatment, it appears that Plaintiff is attempting to allege that Defendants were deliberately indifferent to Plaintiff's serious medical need in violation of the Eighth Amendment.

### 1.    Eighth Amendment

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059

(9th Cir. 1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." *Id.* (citing *McGuckin*, 974 F.2d at 1060).

"Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (quoting *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988) (internal quotation marks omitted).  Additionally, to state a viable claim, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948-49 (2009); *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934.  Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, *Iqbal*, 129 S.Ct. at 1948-49; *Ewing*, 588 F.3d at 1235, and supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009); *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).  "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim," *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted), and a difference of opinion between medical personnel regarding treatment does not amount to deliberate indifference, *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).  To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

///

4

### 2. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

### 3. Rule 8 and 20(a)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) *(citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).  Facial plausibility demands more than the mere possibility that a defendant committed misconduct, *Iqbal* at 1950, and while factual allegations are accepted as true, legal conclusions are not, *id.* at 1949.  The complaint is so mired in extraneous facts, legal citations, and unnecessary legalese that it fails to comply with Rule 8(a).  Plaintiff bears the burden of separately setting forth his legal claims and for each claim, briefly and clearly providing the facts supporting the claim so that the Court and Defendants are readily able to understand the claims.  *Bautista v. Los Angeles County*, 216 F.3d 837, 840-41 (9th Cir. 2000).

Additionally, Plaintiff brings claims against defendants who are employed at two separate prison facilities and Plaintiff seems to be bringing unrelated claims. The Court finds that Plaintiff's complaint is in violation of Rule 20(a)(2) of the Federal Rules of Civil Procedure. Pursuant to Federal Rule of Civil Procedure 20(a)(2), persons may be joined as defendants in one action if the right asserted against them arises from the same transaction or occurrence, and any questions of law or fact common to all defendants will arise in the action. *See also George v. Smith*, 507 F.3d 605, 607 (7th Cir.2007) (finding unrelated claims against different defendants belong in different suits).

It appears that Defendants: 1) J. Nepomuceno;  2) Dorothy Swingle ; 3) E. Searcy; 4) D. Medina; 5) Barry I. Green; and 6) E. Brown stem from Plaintiff's incarceration at High Dessert State Prison. Venue for defendants stemming from High Desert State Prison is proper in the Sacramento Division of the Eastern District of California. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (court may raise defective venue sua sponte). If Plaintiff chooses to amend his complaint, Plaintiff should only bring claims against the defendants listed from Pleasant Valley State Prison. If Plaintiff wishes to pursue claims against defendants from High Dessert State Prison, he can file a separate action in the Sacramento Division of the Eastern District Court against the High Dessert State Prison defendants.

**III.    Conclusion and Order**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, *Iqbal*, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient]

1 | to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations
2 | omitted).

3 |     Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be
4 | complete in itself without reference to any prior pleading.  As a general rule, an amended complaint
5 | supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once an
6 | amended complaint is filed, the original complaint no longer serves any function in the case.
7 | Therefore, in an amended complaint, as in an original complaint, each claim and the involvement
8 | of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly
9 | titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed
10 | under penalty of perjury.

    Based on the foregoing, it is HEREBY ORDERED that:

1.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.    Plaintiff's first amended complaint, filed March 29, 2011, is dismissed for failure to state a claim upon which relief may be granted;

3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4.    If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:    December 1, 2011

                                 UNITED STATES MAGISTRATE JUDGE

7