# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM DOUGLAS MELLO, | 1:09-cv-01962-LJO-GBC (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983 |
| v. | |
| J. NEPOMUCENO, et al., | (Doc. 24) |
| Defendants. | |
| / | |

## I.      Factual and Procedural Background

William Douglas Mello ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff asserts that he is "sovereign" and that he brings this action as "Kincaid®, d/b/a: William Douglass Mello®." Doc. 19 at 1, 21; Doc. 24 at 2-3, 7. Plaintiff also addresses himself and signs by the name of Douglass W. Hysell. Doc. 24 at 2-3. On November 9, 2009, Plaintiff filed his original complaint. Doc. 1. On March 29, 2011, Plaintiff filed the first amended complaint. Doc. 19. On December 21, 2011, the Court screened the complaint and dismissed with leave to amend. Doc. 21. On January 12, 2012, Plaintiff filed the second amended complaint which is currently before the Court. Doc. 24 at 4.

///

///

///

1

1    **II.    Screening**

2        **A.    Screening Standard**

3        The Court is required to screen complaints brought by prisoners seeking relief against a

4    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

5    Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

6    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

7    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

8    "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

9    dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

10   claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

11       "'Under § 1915A, when determining whether a complaint states a claim, a court must accept

12   as true all allegations of material fact and must construe those facts in the light most favorable to the

13   plaintiff.'"  *Hamilton v. Brown*, 630 F.3d 889. 892-93 (9th Cir. 2011) (quoting *Resnick v. Warden*

14   *Hayes*, 213 F.3d 443, 447 (9th Cir.2000).  "'Additionally, in general, courts must construe pro se

15   pleadings liberally.'"  *Id.*  A complaint, or portion thereof, should only be dismissed for failure to

16   state a claim upon which relief may be granted "if it is clear that no relief could be granted under any

17   set of facts that could be proved consistent with the allegations."  *See Hishon v. King & Spalding*,

18   467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Synagogue*

19   *v. United States*, 482 F.3d 1058, 1060 (9th Cir. 2007); *NL Industries, Inc. v. Kaplan*, 792 F.2d 896,

20   898 (9th Cir. 1986).  In determining whether to dismiss an action, the Court must accept as true the

21   allegations of the complaint in question, and construe the pleading in the light most favorable to the

22   plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421-22

23   (1969); *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

24       **B.    Plaintiff's Complaint**

25       Plaintiff is incarcerated at Pleasant Valley State Prison in Coalinga California, and is suing

26   under section 1983 against defendants who are employed at High Desert State Prison ("HDSP") in

27   Susanville California and Pleasant Valley State Prison ("PVSP") in Coalinga California.  Doc. 24.

28   In his complaint, Plaintiff names the following defendants: 1) Dorothy Swingle (CMO at HDSP);

1    2) D. Medina (Certified Physician's Assistant); 3) Barry I. Green (Certified Physician's Assistant);

2    4) F. Igbinosa (CMO at Pleasant Valley State Prison); 5) R. Wilson (Certified Physician's Assistant

3    at PVSP). Doc. 24 at 4, 6-7. As relief Plaintiff seeks for the Court to enter a judgment "due to the

4    pleadings and admissions, confessions and agreed stipulations as evidenced in the affidavit(s). As

5    a matter of law there can only be one possible outcome to this secured and perfected claim as

6    evidenced by attached UCC-1-Financing Statement (See attached "I") a perfected debt security UCC-

7    Article 9. (Now a 'accounts receivable' $50,000,000.00 (Fifty Million Dollars)." Doc. 24 at 7.

8            Plaintiff states his cause of action is:

9        18 U.S.C. § 1961 - 68. R.I.C.O Act – Dishonor, fraud, breach of contract, medical
         malpractice, unauthorized use of copyright trade name, intentional deliberate medical
10       indifference (8th amend. violation) due process and equal protection laws violation
         (14th Amend. violation). Etc. et. al.
11

12   Doc. 24 at 4.   Plaintiff continues that his claim:

13       . . . arises out of private injuries, moral wrongs constituting misapplication of
         statute, violation of due process of law; violation of state and federal statute . . .
14       fraud and dishonor and otherwise as is enumerated below and as agreed, stipulated
         and confess by "all" the above named defendant(s) . . . thereby admitting and
15       causing injury to petitioner/secured party creditor's private rights, secured rights,
         property, peace of mind and otherwise causing gross injury to the petitioner/secured
16       party-creditor.

17   Doc 24 at 8.   With the exception of a few defendants and monetary numbers being blacked out,

18   Plaintiff resubmits an identical copy of the deficient complaint. *Compare* Doc. 19 at 5-21 *with* Doc.

19   24 at 8-24. Once again Plaintiff describes that he has a chronic pain condition from a torn rotary cuff

20   at the left shoulder and lower neck and back pain. Doc. 24 at 11. Plaintiff describes that he wears

21   orthopedic boots, knee brace, back brace, uses a cane, assigned to a lower bunk and has a seizure

22   disorder. Doc 24 at 11-12. Plaintiff alleges that since his arrival to PVSP, he has had ongoing

23   problems with the medical department and generally alleges that its staff refuses "to do anything for

24   [treatment]." Doc. 24 at 12. Plaintiff alleges that on January 7, 2009, a meeting was scheduled to

25   "finalize and complete the 'contract agreement." Doc. 24 at 12. However the medical department

26   and its representatives "dishonored the document." Doc. 24 at 12. On January 24, 2009, Plaintiff

27   filed an 'actual and constructive notice of default and opportunity to cure and contest acceptance."

28   Doc. 24 at 12. On February 19, 2009 and on March 9, 2009, Plaintiff had a 'meeting of the minds'

                                                    3

with J. Nepomuceno who was acting on behalf of Defendant Swingle. Doc. 24 at 12. On March 21, 2009, Plaintiff filed an 'affidavit in support of notice of default and failure to contest acceptance.' Doc. 24 at 12. However, "Defendants elected to fall silent on 'all' of the issues/cause(s)." Doc. 24 at 12.

Plaintiff continues on to describe his attempt to secure money from Defendants in his capacity as a secured party creditor and alleges that Defendants have breached their contractual duty and are in default. Doc. 24 at 13-17. Plaintiff then states on February 28, 2011, that he received a letter from the prison health care receivership which made false statements that Plaintiff has refused several medical appointments, is receiving attention from specialists, that Plaintiff is on adequate pain medications, that his medical needs are closely monitored, that he has been refusing laboratory tests and medications and that Plaintiff agrees with his plan of treatment recommended by his therapist. Doc. 24 at 17-18.

### C.    Analysis

For his second amended complaint, Plaintiff submits a copy of his first amended complaint which the Court had previously screened and found that it failed to state a claim. *Compare* Doc. 19 *with* Doc. 24. As with the first amended complaint that the Court screened, Plaintiff's second amended complaint is rambling, incoherent and filled with language regarding his status as a secured party creditor. Doc. 24. Plaintiff makes conclusory allegations that his due process and equal protection rights have been violated and that he has been a victim of fraud and dishonor. Doc. 24 at 4. Although Plaintiff lists his medical conditions and states that medical staff at PVSP refuses "to do anything," Plaintiff, still fails to link any of the named Defendants to any specific conduct that would demonstrate that Defendants were deliberately indifferent to Plaintiff's serious medical need in violation of the Eighth Amendment.

Additionally, Plaintiff still attempts to bring defendants from High Dessert State Prison and Pleasant Valley State Prison. In the Court's previous order filed on December 1, 2011, the Court found that Plaintiff's complaint did was not compliant with Rule 20(a)(2) of the Federal Rules of Civil Procedure. Doc. 21. Pursuant to Federal Rule of Civil Procedure 20(a)(2), persons may be

1  joined as defendants in one action if the right asserted against them arises from the same transaction

2  or occurrence, and any questions of law or fact common to all defendants will arise in the action.

3  *See also George v. Smith*, 507 F.3d 605, 607 (7th Cir.2007) (finding unrelated claims against

4  different defendants belong in different suits).   Moreoever, venue for defendants stemming from

5  High Desert State Prison is proper in the Sacramento Division of the Eastern District of California.

6  *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (court may raise defective venue sua

7  sponte).   However, Plaintiff still names Defendants from High Dessert State Prison.

8       To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under

9  color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal

10  law.  *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).  Moreover, Plaintiff must

11  set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"

12  *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).  Facial plausibility demands more than

13  the mere possibility that a defendant committed misconduct, *Iqbal* at 1950, and while factual

14  allegations are accepted as true, legal conclusion are not, *id.* at 1949.

15       Plaintiff's complaint fails to state any claims upon which relief may be granted.  Plaintiff's

16  incoherent allegations, conclusory statements, and listing various laws do not give rise to any facially

17  plausible claims for relief.  *See Iqbal* at 1949-50.

18

19  **III.    Conclusion and Recommendation**

20       The Court finds that Plaintiff's second amended complaint filed on January 12, 2012, fails

21  to state any Section 1983 claims upon which relief may be granted against the named Defendants.

22  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given

23  when justice so requires."  In addition, "[l]eave to amend should be granted if it appears at all

24  possible that the plaintiff can correct the defect."  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir.

25  2000) (internal citations omitted).  However, in this action, Plaintiff filed two complaints and

26  received substantial guidance from the Court in its initial screening order.  Doc. 21.  Since Plaintiff

27

28

merely resubmits a copy of his deficient complaint, the Court finds that the deficiencies outlined

above are not capable of being cured by amendment, and therefore recommends that further leave

to amend not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, the Court HEREBY RECOMMENDS that: this action be DISMISSED in its

entirety, WITH PREJUDICE, for failure to state a claim upon which relief may be granted.


These Findings and Recommendations will be submitted to the United States District

Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

fifteen (15) days after being served with these Findings and Recommendations, Plaintiff may file

written objections with the Court.  The document should be captioned "Objections to Magistrate

Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections

within the specified time may waive the right to appeal the District Court's order.  *Martinez v.*

*Ylst*, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:     January 30, 2012

UNITED STATES MAGISTRATE JUDGE